IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID F. MARTIN, )
)
    Plaintiff, )
)
v. ) Case No. CIV-18-191-SM
)
COMMISSIONER OF SOCIAL )
    SECURITY ADMINISTRATION, )
)
    Defendant. )

O R D E R

Before the Court is the Report and Recommendation ("R&R") of U.S. Magistrate Judge Suzanne Mitchell [Doc. No. 3] pursuant to the Court's 28 U.S.C. § 1915(e)(2) screening responsibility. Judge Mitchell recommends summary dismissal of the Complaint [Doc. No. 1] without prejudice, but with leave granted for Plaintiff to amend his Complaint to cure the pleading deficiencies outlined in the R&R.

The R&R correctly recognizes that the Court's jurisdiction to judicially review a decision of the Social Security Administration requires, *inter alia*, that a "*final* decision of the Commissioner of Social Security" exist and that the civil court filing be made "*within sixty days* after the mailing to [the claimant] of notice of . . . [the] *final* decision of the Commissioner of Social Security.*" R&R 3, Doc. No. 3 (quoting 42 U.S.C. § 405(g)). A "final decision" requires, in turn, four pre-suit steps be completed: "(1) initial determination [of the claimant's social security claim], (2) reconsideration, (3) a hearing before an [administrative law judge], and (4) a request for review by the Appeals Council." *Id.* at 3-4 (citing 20 C.F.R. §§ 404.900(a), 416.1400(a); *Gibbs v. Colvin*, 529 F. App'x 950,

953 (10th Cir. 2013) (unpublished)). In the R&R, Judge Mitchell determined that Plaintiff's Complaint [Doc. No. 1] "fails to state whether the ALJ has rendered an opinion, and whether [Plaintiff] requested Appeals Council review of the ALJ's decision, and the date [Plaintiff] received notice of the Appeal Council's decision." *Id.* at 4 (citing 42 U.S.C. § 405(g)).

Plaintiff filed an Objection to the R&R [Doc. No. 4]. Plaintiff's Objection alleges additional facts not included in his Complaint, but does not take issue with the R&R's pleading-deficiency-based determination, except to allege that his Complaint was misquoted in the R&R. The Court's review of the R&R and of Plaintiff's Complaint finds that the R&R correctly quotes from Plaintiff's Complaint. *Compare* R&R 1, Doc. No. 3, *with* Compl. 1, Doc. No. 1. Plaintiff's misquoting allegation appears to arise from his confusion of the Complaint in this civil action [Doc. No. 1] with the "Statement of Claimant or Other Person" that he attached to his Complaint as an exhibit thereto [Doc. No. 1-1]. The Complaint's Exhibit alleges in full:

> My complaint is that I do not agree with the onset date being 07 April 2017. I believe it should be restored to August 25th 2014, [t]he date in which I filed.

Stmt. of Claimant or Other Person, Doc. No. 1-1. The Exhibit includes a stamp dated "MAR 01 2018" for the "OKLAHOMA CITY, OKLAHOMA SSA DISTRICT OFFICE." *Id.*

The Court has reviewed Plaintiff's Complaint and the R&R de novo. *See* 28 U.S.C. § 636(b)(1). Considering the allegation of Plaintiff in the attachment to his Complaint in addition to the allegation of Plaintiff included in the Complaint itself—as Plaintiff seems

to ask the Court to do in his Objection—Judge Mitchell's analysis and conclusion still applies. Even with the Exhibit to the Complaint included in the pleading-sufficiency analysis, Plaintiff "fails to state whether the ALJ has rendered an opinion, and whether [Plaintiff] requested Appeals Council review of the ALJ's decision, and the date [Plaintiff] received notice of the Appeal Council's decision." R&R 4 (citing 42 U.S.C. § 405(g)). The additional factual allegations made by Plaintiff in his Objection do not amend his Complaint or alter its sufficiency. *See Chambliss v. Bank of Am., N.A.*, No. 3:12-955, 2014 WL 1287467, at *1 (M.D. Tenn. Mar. 31, 2014) ("Plaintiffs may not amend their Complaint by adding factual allegations as a part of objections to an R & R, or in opposition to a motion to dismiss." (collecting cases)).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 3] is ADOPTED in its entirety. Plaintiff is granted 28 days from the date of this Order to file an Amended Complaint to cure his pleading deficiencies. If Plaintiff does not file an Amended Complaint within 28 days of this Order, the action will be dismissed without prejudice.

IT IS SO ORDERED this 25th day of June, 2018.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE